## ACTION ON BOND TO SECURE PERFORMANCE OF CONTRACT.

### Circuit Court of Summit County.

### J. B. WAIGHT v. J. F. ADAMSON AND T. H. CLARK.

#### Decided, April 15, 1912.

*Fraudulent Representations—Knowledge of Plaintiff as to Falsity.*

In an action on a bond where a defense is that the defendant was induced to sign the bond by reason of false statements made by plaintiff or by another with his knowledge and acquiescence, it is error to charge the jury that in order to make good his defense the defendant must prove not only that the statements were made, were false, were believed and acted upon by the defendant, but also that the plaintiff at the time he made them or acquiesced in their being made, knew them to be false.

MARVIN, J.; WINCH, J., and NIMAN, J., concur.

The issues in this case are admirably stated in the charge made on the trial in the court of common pleas.

From this charge we read:

"This action is against the defendants to recover the sum of $1,531.63 on a certain bond, which is in evidence in this case, which was given to secure the performance by the defendant Clark of the terms of a contract of sale made between the plaintiff and said Clark.

"This contract is also in evidence. The defendant Clark, though duly served with process, has failed to answer or otherwise plead, and has thereby confessed the truth of plaintiff's allegations so far as he is concerned, and your verdict will necessarily be for plaintiff as against Clark.

"The defendant Waight admits the execution of the bond, but defends against liability therein upon two grounds, namely:

"1. That the bond was put into the custody of Clark upon the express stipulation and condition that it was not to be delivered to plaintiff until certain parties had been secured by contract to put the capital into the business in which Clark and the plaintiff were then engaged, necessary to run the same, otherwise Clark was to hold the bond and destroy the same or return it to Waight, and the plaintiff knew of these stipulations and conditions and received the bond when Clark wrongfully and without right and authority delivered the same to him.

"2. That he was induced to execute said bond by the false representations and statements made by plaintiff and said Clark, as to the condition of the business then conducted by them, their assets, debts and profits.

"Now, the admissions in the pleadings and undisputed facts show that plaintiff and Clark were carrying on a lumber and coal business in Akron as partners under the name of the Peoples Lumber & Coal Company; that on August 27, 1910, Clark bought the plaintiff's interest in said partnership and said purchase was evidenced by the written bill of sale and contract in evidence; that by said agreement Clark was to pay plaintiff $1,351.63 on or before September 12, 1910, to assume and pay the liabilities of the firm, except one debt especially mentioned, and to furnish a bond to secure the performance of his part of that contract of sale; that the bond in evidence in this case was delivered by Clark to the plaintiff.

"Among other things the bond, by its terms, bound the two signers thereof, the defendants in this cause, to the payment of the said $1,351.63.

"The admission of the execution of the bond and the plea of the defendant Waight of avoidance of liability thereunder, puts the burden upon him of showing by a preponderance of the evidence that he is not liable for the reasons alleged in his answer."

This is followed in the charge by a true statement of the law as to the first defense.

As to the second defense, the court used this language:

"Under the second defense, in order to avoid liability it has been essential that the defendant Waight shall have proven by a preponderance of the evidence, that plaintiff made false statements and represntations, or allowed Clark to make them to defendant in his presence and with his acquiescence and consent, as to the condition of the business being conducted by them under the firm name of the Peoples Lumber & Coal Company, their debts, assets, profits and other matters affecting the finan-

cial condition of the firm and its members, that there were material facts bearing directly upon the transaction culminating ultimately in the giving of the bond in question, that plaintiff knew the statements to be false, that defendant Waight believed the statements and representations to be true and acted upon them, and that the plaintiff made the representations with intent that they should be acted upon, or acquiesced in and consented to the making of the same by Clark, with intent that Waight should act upon them.   Failing to prove these by a preponderance of the evidence, defendant Waight must fail on his second defense.   If he has established them by a preponderance of the evidence, then upon that defense you should not return a verdict against Waight."

Again the court said:

"There is fraudulent intent if a man, either with a view of benefitting himself or misleading another into a course of action, makes a representation which he knows is false or does not believe to be true."

We regard this part of the charge as containing error prejudicial to the plaintiff in error.

The evidence tended to show that Adamson knew what the statements contained in the contract, attached to the bond, were. Indeed, when he accepted the bond, he accepted it with the contract attached—the contract signed by both himself and Mr. Clark—and he knew, therefore, at the time he accepted the bond, what representations had been made to Clark as to the property which Clark was buying and the indebtedness of the company which was being assumed by Clark.   If these representations as contained in that contract were not true, even though Adamson did not know that they were not true, if they were relied on by Waight and he was induced by them to sign the bond, which he would not have signed but for such representations, he was entitled to his second defense.   This is borne out by the case of *Mulvey* v. *King,* 39 O. S., 491.   The syllabus reads:

"Where a person by means of false representations of facts materially affecting the identity and value of certain real estate, induces another to enter into a contract for the purchase thereof, upon the faith of such representations, and upon which he was justified in relying, the purchaser may, in an action brought by the vendor for the purchase price, recoup the damages which he

has sustained by reason of such false representations, although the vendor believed them to be true when made, and had good reason for so believing.''

Judge Upson, in the opinion in this case at pages 594 and 595, uses this language:

''It may be considered as well settled in this state by the cases above cited, that an action for damages caused by misrepresentation can not ordinarily be maintained, without proof of actual fraud, or such gross negligence as amounts to fraud. When, however, a person claims the benefit of a contract into which he has induced another to enter by means of misrepresentations, however honestly made, the same principles can not be applied. It is then only necessary to prove that the representation was material and substantial, affecting the identity, value or character of the subject-matter of the contract, that it was false, that the other party had a right to rely upon it, and that he was induced by it to make the contract, in order to entitle him to relief either by rescission of the contract or by recoupment in a suit brought to enforce it.''

. We find no other error in the proceeding which would justify a reversal.

The claim made that the giving of a note by Clark to Adamson for $250 as an additional amount to be paid for Adamson's interest in the business might raise doubt in our minds, were it not for the case of *Stuts, Admr.,* v. *Strayer, Admr.,* 60 O. S., 384. That case seems exactly in point, and it was there held that the giving of the additional note was not an alteration of the contract on which the party became a surety.

We reach the result that the judgment must be reversed for error in the charge as hereinbefore pointed out.